Filed 12/5/25  P. v. Jacobson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C102931 |
| Plaintiff and Respondent, | (Super. Ct. No. SCCR-CRF-2022-104) |
| v. | |
| CARL EDWARD JACOBSON, | |
| Defendant and Appellant. | |

Defendant Carl Edward Jacobson appeals from a postconviction order denying his request for resentencing under Penal Code section 1172.1.[1]  Appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216, asking this court to conduct an independent review of the record.  Jacobson filed a supplemental brief.  We conclude the order at issue is not an appealable order and so dismiss the appeal.

---

[1]     Undesignated statutory references are to the Penal Code.

1

## FACTUAL BACKGROUND

In October 2022, following a plea agreement, the trial court sentenced Jacobson to an aggregate term of 10 years four months for numerous offenses and enhancements in multiple cases. This sentence included the imposition of the upper term for several of the offenses.

In April 2024, Jacobson requested recall of his sentence and resentencing under section 1172.1. The trial court denied the request, explaining that Jacobson did not "meet the legal requirements for recall and resentencing pursuant to the language of the statute," in part because the process "cannot be initiated by the defendant." The court did not address the merits of Jacobson's request and did not make its own motion for recall and resentencing.

Jacobson appealed.

## DISCUSSION

Appellate counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.) Jacobson was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Jacobson filed a supplemental brief, raising issues relating to his plea bargain and asking whether any recent changes in the law affect his upper term sentence or his enhancements. We conclude that the order issued by the trial court is not appealable, and thus the appeal must be dismissed.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Jacobson states that the trial court's order denying his request under section 1172.1 is made appealable by section 1237, subdivision

(b).  Section 1237, subdivision (b) authorizes criminal defendants to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

Section 1172.1, subdivision (a) provides that the trial court may, "on its own motion, . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Section 1172.1, subdivision (c) expressly states, however:  "A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."  Thus, " 'a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.' "  (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, quoting *People v. Hodge* (2024) 107 Cal.App.5th 985, 996.)

Section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the statute is appealable.  But several courts, including this court, have interpreted the second sentence in section 1172.1, subdivision (c) to mean that a defendant does not have a substantial right at stake when they request recall and resentencing.  (*People v. Hodge, supra*, 107 Cal.App.5th at p. 996; *People v. Roy, supra*, 110 Cal.App.5th at pp. 998-999; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.)  As *Hodge* explained:  "That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond.  It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.  The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated.  But a defendant has no right to demand that the trial court actually make such a decision.  If the defendant has no right to a decision, the trial court's choice

not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge*, at p. 996; see also *Roy*, at p. 998.) *Hodge* further explained that a contrary conclusion would result in an arbitrary rule where, if a trial court does not respond to a defendant's request for recall and resentencing, there would be no order to appeal, but if the court informs a defendant that it will take no action on the request, the defendant would be able to appeal that decision. (*Hodge*, at p. 996.) The court in *Hodge* found "such an irrational and arbitrary result" seemed unlikely to have been intended by the Legislature. (*Ibid.*)

We remain persuaded by the reasoning of these cases and conclude that, because Jacobson had no right to a response by the trial court, an order denying his request under section 1172.1 cannot be said to affect his substantial rights. This is so even if the trial court's order could be construed as erroneously stating it lacked authority to resentence Jacobson on its own motion. (See *People v. Faustinos, supra*, 109 Cal.App.5th at p. 698.) Accordingly, the trial court's order was not an appealable order under section 1237, subdivision (b), and the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.

                                           /s/
                                     EARL, P. J.

We concur:

  /s/
HULL, J.


  /s/
MAURO, J.